UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY,<br>Ex. Rel., The Executive Director of the<br>Office of Financial Institutions,<br><br>　　　　Plaintiff,<br><br>V.<br><br>YOUNG OIL CORPORATION,<br><br>　　　　Defendant. | Civil Action No. 3: 09-21-DCR<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In its Franklin Circuit Court complaint, DFI alleges that Young Oil violated provisions of the Kentucky Securities Act through fraudulent partnership offerings and joint ventures in certain oil and gas exploration projects. The issue is scheduled for trial in state court on May 26, 2009. On May 19, 2009, Young Oil filed for Chapter 11 bankruptcy in the Western District of Kentucky. Shortly thereafter, Young Oil filed a notice of removal of the state court action. [Record No. 1] Young Oil has also asked the Court to transfer this matter to the Bankruptcy Court for the Western District of Kentucky, at Bowling Green. DFI opposes removal to this Court and requests an order remanding the case to the Franklin Circuit Court. [Record No. 2]

Removal of an action relating to bankruptcy is governed by 28 U.S.C. § 1452, which states in part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or *a civil action by a governmental unit to enforce such governmental unit's police or regulatory power*, to the

>district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a) (emphasis added). DFI's action constitutes a "civil action by a governmental unit to enforce such governmental unit's police or regulatory power." Enforcing the Kentucky Securities Act falls under the Commonwealth's police power because such action protects the public from "fraudulent or deceptive practices in securities transactions." *In re Plunkett*, 19 B.R. 906, 907 (Bankr. E.D. Wis. 1982). The action is not an adjudication of private rights, but is instead an effectuation of public policy. *See In re Commerce Oil Co.*, 847 F.2d 291, 295 (6th Cir. 1988). Such actions are not subject to removal to this Court.

Nor does the automatic stay operating pursuant to bankruptcy filing operate to provide shelter to Young Oil. The Bankruptcy Code also exempts from the automatic stay governmental actions enforcing government police or regulatory power. *See* 11 U.S.C. § 362(b)(4). The May 26, 2009, trial is not an attempt to recover or enforce any sort of money judgment. Instead, it is an action to determine whether Young Oil violated the Securities Act. Such an action is clearly exempted from the automatic stay governing bankruptcy proceedings. *In re Commerce*, 847 F.2d at 295 ("Congress clearly intended for the police power exception to allow governmental agencies to remain unfettered by the bankruptcy code in the exercise of their regulatory powers.").

Although a trial for the issuance of restitution to investors is scheduled to follow the May 26, 2009 trial, the enforcement of any judgment that might result from such a trial is not an issue

for this Court to decide. Whether restitution or damages proceedings are subject to the automatic stay is an issue to be determined by the Franklin Circuit Court upon completion of the first trial.

In summary, this Court lacks removal jurisdiction to consider the civil action removed by Young Oil on May 21, 2009. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff's motion for remand to state court [Record No. 2] is **GRANTED**;

2. Defendant's motion to transfer venue [Record No. 9] is **DENIED** as moot; and

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket and **REMANDED** to the docket of the Franklin Circuit Court.

This 22nd day of May, 2009.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge